UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN RAYMOND PETREE,<br><br>          Plaintiff,<br><br>    v.<br><br>CHASE BANK,<br><br>          Defendant. | CASE NO. MC12-5025BHS<br><br>ORDER DISMISSING AFFIDAVIT AND CLOSING CASE |

This matter comes before the Court on Plaintiff Shawn Raymond Petree's ("Petree") administrative affidavit (Dkt. 1).

On April 24, 2012, Petree filed the affidavit "for the purpose of remedy and relief of the fraudulent claim(s)" that Defendant Chase Bank ("Chase") has apparently asserted against Petree regarding a secured transaction. *Id*. Petree asserts that Chase has twenty-one days to cure the violations or damages will be assessed against Chase in the amount of one million dollars per violation. *Id*.

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). In this case, Petree has failed to

allege that the Court has jurisdiction over his administrative affidavit, and the Court is unable to otherwise determine the basis for jurisdiction. Therefore, the Court must dismiss this action.

Additionally, a federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, Petree's affidavit is frivolous because it has no arguable basis in law or fact. Therefore, the Court also dismisses the affidavit for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge